# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 4:11-cr-0062** |
| v. | : | **(Judge Conner)** |
| **JEREMY T. BRASHEAR** | : | |

## MEMORANDUM

Presently before the court is defendant Jeremy Brashear's ("Brashear") motion (Doc. 56) to dismiss the indictment. The motion has been fully briefed. For the following reasons, the motion will be denied.

## I. Discussion[1]

In the case *sub judice*, Brashear raises various constitutional challenges to 18 U.S.C. § 2252 relating to charges brought against him for possession of child pornography. At the outset, the court notes that Brashear, through his counsel, concedes that the constitutional challenges discussed *infra* "have been raised and rejected in various District and Circuit Court in the federal system . . . . [and that] [t]he instant Motion is being filed to preserve the constitutional challenges raised with respect to the pending federal indictment in the event it becomes necessary to pursue an appeal." (Doc. 56, ¶¶ 27, 28). The court appreciates this candor, but will

---

[1] The court incorporates the factual background set forth in our October 12, 2012 memorandum and order (Doc. 69). The specific facts of Brashear's case are not implicated by his constitutional challenges.

1

address the arguments *in seriatim* to preserve its own rulings on the issues presented.

### A. <u>Double Jeopardy and Multiplicity</u>

Brashear first argues that the government is punishing him multiple times for the same conduct because the indictment alleges that he distributed, received, and possessed child pornography.[2] (Doc. 57, at 2).

The indictment charges Brashear with the following: (1) distributing child pornography, namely, a video with the file name: "Stickam.com-spoiled_princess (14) [highlightes].avi," on November 30, 2010, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1); (2) receiving in excess of 100 videos and 1,500 pictures containing child pornography between November 30, 2010, and December 16, 2010, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1); and, (3) possessing in excess of 100 videos and 1,500 pictures containing child pornography on December 16, 2010, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(1). (<u>See</u> Indictment Counts I, II, & III).

Rule 7(c)(1) of the Federal Rules of Criminal Procedure provides, in pertinent part, an "indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Fed. R. Crim. Pro. 7(c)(1). An indictment is sufficient if "it contains the elements of the offense intended to be

---

[2]Brashear conflates his double jeopardy and multiplicity arguments. Because the same analysis applies to both arguments, the challenges will be analyzed together. <u>See</u> <u>United States v. Woods</u>, 730 F. Supp. 2d 1354, 1376 (S.D. Ga. 2010) (noting that "the same analysis applies to Defendant's double jeopardy and multiplicity challenges, and the Court addresses these challenges together.")

2

charged and sufficiently apprises the defendant of what he must be prepared to meet, and [also] enables the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense." United States v. Hodge, 211 F.3d 74, 76 (3d Cir. 2000) (internal quotations omitted).  Furthermore, the Third Circuit recognized that when an indictment is deemed deficient "dismissal [must be considered] 'the most drastic remedy.'" United States v. Bansal, 663 F.3d 634, 661 (3d Cir. 2011); see also United States v. Cameron, 662 F.Supp.2d 177, 180 (D.Me. 2009) ("Because dismissing an indictment 'directly encroaches upon the fundamental role of the grand jury,' the power of the Court to dismiss an indictment is reserved for extremely limited circumstances.") (citing United States v. Edgar, 82 F.3d 499 (1st Cir. 1996); Whitehouse v. United States Dist. Court, 53 F.3d 1349 (1st Cir. 1995); United States v. Thomas, 519 F. Supp. 2d 141(D. Me. 2007) (internal citations omitted)).

Generally, the Fifth Amendment's Double Jeopardy clause prohibits a defendant from being punished and successively prosecuted multiple times for the same criminal offense.  See United States v. Conley, 37 F.3d 970, 975 (3d Cir. 1994). Double jeopardy is also implicated when a defendant is convicted of two separate crimes, one of which is a lesser included offense of the other.  See United States v. Cesare, 581 F.3d 206, 207 (3d Cir. 2009) (acknowledging that a defendant cannot be sentenced for both bank robbery and armed bank robbery because the former was a lesser included offense of the latter).

Is it well-settled law that possession of child pornography is a lesser included offense of receiving child pornography when both charges relate to the same image on the same date. See United States v. Miller, 527 F.3d 54, 72 (3d Cir. 2008); United States v. Bobb, 577 F.3d 1366, 1374-75 (11th Cir. 2009); United States v. Davenport, 519 F.3d 949, 947 (9th Cir. 2008) (". . . the offense of possessing child pornography is a lesser included offense of the receipt of child pornography."); United States v. Woods, 730 F. Supp. 2d 1354, 1377 (S.D.Ga. 2010) (explaining that the Bobb court held "possession of child pornography is a lesser-included offense of receipt of child pornography under 18 U.S.C. § 2252A and that a conviction for both offenses based on the same conduct violates the Double Jeopardy Clause"). The government may include both offenses in the indictment and prosecute both through trial. Id.; see Davenport, 519 F.3d at 944 (defendant conceding that government is permitted to include both offenses in indictment and pursue both throughout trial, so long as judgment was not entered against him on both counts); Ball v. United States, 470 U.S. 856, 865 (1985) (although the government may pursue a multi-count indictment where a singular act is the premise for both receipt and possession, the court cannot impose two convictions or sentences based on that indictment). It is the *punishment* of both offenses, not the *prosecution*, that is unconstitutional. See United States v. Zacherle, No. CR-06-0100-FVS, 2008 WL 5000145, at *4 (E.D. Wash. 2008). Therefore, the inclusion of both receipt and possession charges in the indictment does not violate principles of multiplicity or double jeopardy; rather, only his conviction and sentence on both offenses would constitute a violation of

4

Brashear's constitutional rights. Accordingly, the motion will be denied on this ground.[3]

By contrast, it has been held that possession of child pornography is *not* a lesser included offense of distribution of child pornography, especially when the two occur on different dates. See United States v. Faulds, 612 F.3d 566, 571 (7th Cir. 2010) (explaining that, "[e]ven if it is ordinarily true that to distribute something one must also possess it, it does not follow that one must possess it a month after the distribution is complete. Congress intended to punish possession of child pornography as well as distribution, and [defendants'] continued possession of the pornography was an independent crime subject to sanction. The fact that he happened also to distribute it a month earlier does not insulate him from liability for continued possession a month later.") In the case *sub judice*, Brashear is charged with distributing a video containing child pornography on November 30, 2010. (Count I). However, he is charged with possessing over 100 video and 1,500 pictures on December 16, 2010, one month subsequent to the events leading to the distribution charge. (Count III). That the government charged him for both is not a violation of his constitutional rights. Brashear's continued possession of the video

---

[3]Furthermore, the government concedes that, "should the jury convict the defendant of both receipt and possession of the child pornography videos and images on the same date, the government would move for the dismissal of the possession count prior to sentencing." (Doc. 62, at 5). See United States v. Maier, 646 F.3d 1148, 1155 (9th Cir. 2011) (where defendant pleaded guilty to count of both receipt and possession, district court was within its discretion to dismiss one of the charges before sentencing.)

5

of child pornography one month after he distributed it is a separate and distinct violation of the federal child pornography laws, and the government was legally sound in charging both counts under 18 U.S.C. §2252A.

### B. <u>Void for Vagueness</u>

Brashear next argues that 18 U.S.C. § 2252A is void because it is too vague to provide adequate notice to individuals of ordinary intelligence of the conduct that is prohibited and thereby invites arbitrary and discriminatory enforcement. (<u>See</u> Doc. 57, at 7).

The "void for vagueness" doctrine stems from due process requirements of the Fourteenth Amendment and "is designed to give 'fair warning' of prohibited conduct[]" to "men of common intelligence[.]" <u>See</u> <u>Scavone v. Pa. State Police</u>, No. 12-1071, 2012 WL 4857776, at *2 (3d Cir. Oct. 15, 2012) (citing <u>San Filippo v. Bongiovanni</u>, 961 F.2d 1125, 1135 (3d Cir. 1992); <u>United States v. Loy</u>, 237 F.3d 251, 262 (3d Cir. 2001) (internal citations omitted). "A statute violates due process of law if it either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." <u>Id.</u> (quoting <u>Connally v. Gen. Constr. Co.</u>, 269 U.S. 385, 391 (1926). A statute is not unconstitutionally vague merely because it may sometimes be difficult to establish whether an incriminating fact has actually been proven. <u>See</u> <u>United States v. Williams</u>, 553 U.S. 285, 306 (2008).

6

Brashear argues that because courts, and therefore "men of common intelligence," have struggled with what constitutes "receipt" and "possession" 18 U.S.C. § 2252A is overly vague. Brashear does not cite to any caselaw on point, and, in fact, cites to cases wherein the courts were asked to decide what constituted *knowing* possession or distribution. See Doc. 57, at 8-9 (citing United States v. Kuchinski, 469 F.3d 853 (9th Cir. 2006); United States v. Romm, 455 F.3d 990 (9th Cir. 2006); United States v. Stulock, 308 F.3d 922 (8th Cir. 2002); United States v. Watzman, 486 F.3d 1004 (7th Cir. 2007); United States v. Tucker, 305 F.3d 1193 (10th Cir. 2002)). Notably, this same argument has been raised and rejected by the Seventh Circuit. See United States v. Woods, 730 F. Supp. 2d 1354, 1364 (7th Cir. 2010) (explaining that the "cases that Defendant contends have given different interpretations to the meaning of receipt and possession do not in fact address what it means to receive or possess child pornography. Rather, these cases have explained what is required to establish *knowing* receipt or possession.") (emphasis in original).

The court finds that the distribution, receipt, and possession of child pornography prohibited by the provisions of 18 U.S.C. § 2252A are not unconstitutionally vague. The provisions at issue proscribe the knowing distribution, receipt, or possession of child pornography which has been transmitted through interstate commerce. See 18 U.S.C. §§ 2252A (a)(2), (b)(1), (5)(B). Child pornography is defined as "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or

7

pictures" of a minor involved in "sexually explicit conduct." 28 U.S.C. § 2256 (8). "Sexually explicit conduct" is further defined as "actual or simulated . . . sexual intercourse . . . [including] bestiality; . . . masturbation; . . . sadistic or masochistic abuse; or . . . lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256 (2)(A); see United States v. Stewart, 839 F. Supp. 2d 914, 921 (E.D. Mich. 2012); Woods, 730 F. Supp. 2d at 1366. These detailed definitions give fair and adequate notice of what constitutes prohibited material. Although a jury may struggle with what is "knowing" distribution, receipt, or possession, this is not fatal to the statute's constitutionality. "Knowing" is a common element of many crimes and the presence of this *mens rea* element is frequently a question for the jury. When prosecuting child pornography cases, the government is restricted by specific and detailed definitions of "child pornography" and "sexually explicit conduct," and the jury is tasked with the question of whether the defendant knowingly distributed, received, or possessed such material. For all of these reasons, the court will not dismiss the indictment on the basis that the statute is unconstitutionally vague.[4]

---

[4] Brashear also argues that Section 2252A is unconstitutionally vague because it does not include an intent element beyond "knowing." (See Doc. 57, Part J). Brashear cites to no caselaw for this proposition, and the court will not find the statute void for this reason. In United States v. Miller, 527 F.3d 54, 67 (3d Cir. 2008), the Third Circuit succinctly outlined four factors to establish "knowing" intent, and the court is bound by this precedent.

## C. Overbroad

Brashear next claims that 18 U.S.C. § 2252A is "facially overbroad and thus in violation of the First Amendment" because it "improperly ensnare[s] innocent citizens who do not intentionally save or download child pornography." (Doc. 57, at 11). For support, Brashear only cites to an inactive article on the news website Salon.com, which purportedly compiles examples of citizens who were subject to arrest based upon erroneous interpretations of child pornography laws. (See id.) The court finds this argument unavailing.

The Supreme Court has noted that "a statute is facially invalid if it prohibits a substantial amount of protected speech." United States v. Williams, 553 U.S. 285, 292 (2008). However, "a statute's overbreadth [must] be *substantial*" because "[i]nvalidation for overbreadth is a strong medicine that is not to be casually employed." Id. at 292-93 (emphasis in original) (internal citations omitted); see also Am. Civil Liberties Union v. Mukasey, 534 F.3d 181, 205 (3d Cir. 2008); see also Woods, F. Supp. 2d at 1369-70. Furthermore, the Supreme Court has made clear that the First Amendment "does not embrace certain categories of speech, including . . . pornography produced with real children." Ashcroft v. Free Speech Coalition, 535 U.S. 234, 246 (2002); see also Woods, supra, at 1370.

The court finds that the statute at issue is not overly broad. What is prohibited is clearly defined. Child pornography is not protected by the First Amendment, and, therefore, it cannot be said that 18 U.S.C. § 2252A prohibits "a

9

substantial amount of protected speech." See Williams, supra. The indictment will not be dismissed on this ground.

**D.    Eight Amendment**

Brashear next argues that the mandatory minimum sentence of five years in Counts I and II "is excessive and thus constitutes cruel and unusual punishment which is a constitutionally prohibited under the Eighth Amendment." (Doc. 57, at 13).

The Eight Amendment states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted. U.S. Const. amend. VIII. Furthermore, when evaluating sentencing requirements under the Eight Amendment, "courts should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types of limits of punishments for crimes." United States v. Walker, 472 F.3d 71, 82 (3d Cir. 2007).

The Eight Amendment's protection against cruel and unusual punishment is not implicated by 18 U.S.C. § 2252A's mandatory minimum sentence requirement of five years. The Third Circuit in United States v. MacEwan, 445 F.3d 237 (3d Cir. 2006), has already held that the mandatory minimum of fifteen years for a second or subsequent offense found in 18 U.S.C. § 2252A (a)(2)(b) does not violate the Eighth Amendment. Brashear concedes that MacEwan is the controlling caselaw in this circuit and "recognizes the Court's lack of authority to overrule Third Circuit precedent," although he wishes to preserve the argument for appeal. (Doc. 57, at 14). Once again, the court appreciates Brashear's candor, but in light of the fact

that the Third Circuit has determined that a fifteen-year mandatory minimum sentence does not violate the Eighth Amendment, the court will not find that a five year mandatory minimum violates the Eighth Amendment. See also Woods, 730 F. Supp. 2d at 1371 (finding five-year mandatory minimum sentence constitutional "given the nature of the offense, and . . . the type of harm child pornography can result in.") As such, the indictment will not be dismissed on these grounds.[5]

### E. Commerce Clause

Brashear next contends that "the possession of the items, even if proven, has such a remote and tenuous connection to and impact on interstate commerce as to overstep Congressional authority under the Commerce Clause." (Doc. 57, at 18). However, the court notes that the Third Circuit has squarely held that "Congress has the power to regulate the downloading of child pornography from the Internet," MacEwan, 445 F.3d at 244, and, consequently, this argument will be rejected. Id. at 245 (rejecting argument that mere possession does not have a substantial impact on interstate commerce).

---

[5]The court is also aware of Brashear's challenges to the Federal Sentencing Guidelines (the "Sentencing Guidelines"). (See Doc. 57, Part F). Brashear contends that, if convicted, the imposition of his advisory guideline range in the Sentencing Guidelines will violate his Eight Amendment rights. This sentencing argument is premature. The instant matter is in its pre-trial stages; Brashear has not been tried, convicted, nor has a pre-sentence report been prepared. See Woods, 730 F. Supp. 2d at 1371, n. 13 (declining to address sentencing challenges where the case had "not even proceeded to trial, much less a verdict rendered or a Pre-Sentence Investigation Report prepared.")

11

## II. Conclusion[6]

For the aforementioned reasons, the court will deny the motion to suppress. An appropriate order will issue.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge

Date:      November 1, 2012

---

[6] Brashear also argues that possession of child pornography is speech protected by the First Amendment (see Doc. 57, Part H) and that distribution of one video does not constitute activity that has a substantial effect on interstate commerce (id., Part I). However, Brashear, through his counsel, concedes that these arguments have been foreclosed by both the Supreme Court and various circuits. See Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002) (stating that child pornography is not protected speech under the First Amendment); New York v. Ferber, 458 U.S. 747 (1982) (same); United States v. Harris, 358 F.3d 221, 222-23 (2d Cir. 2004) (rejecting similar argument that possession of child pornography does not have a substantial effect on interstate commerce).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 4:11-cr-0062** |
| v. | : | **(Judge Conner)** |
| **JEREMY T. BRASHEAR** | : | |

## **ORDER**

AND NOW, this 1st day of November, 2012, upon consideration of defendant Jeremy T. Brashear's motion to dismiss the indictment (Doc. 56), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motion (Doc. 56) is DENIED.

                                         S/ Christopher C. Conner
                                         CHRISTOPHER C. CONNER
                                         United States District Judge